**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003566
10-JAN-2014
08:16 AM**

NO. CAAP-13-0003566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NEIL YONEJI, Successor Trustee of the Mitsuo Yoneji
Revocable Trust Dated November 27, 1985 and the Neil Yoneji
and Claire Yoneji, individually and as Trustees of the
Yoneji Revocable Family Trust Dated August 31, 1998,
Plaintiffs/Counterclaim-Defendants/Complaint-in-Intervention
Defendants/Appellants,
v.
Mary Kazumi Yoneji,
Defendant/Counterclaim-Plaintiff/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 09-1-0282)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we

do not have appellate jurisdiction over this appeal that

Plaintiffs/Counterclaim-Defendants/Complaint-in-Intervention

Defendants/Appellants Neil Yoneji and Claire Yoneji (the Yoneji

Appellants) have asserted from the Honorable Kathleen N.A.

Watanabe's August 28, 2013 judgment, because the August 28, 2013

judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2012), Rules 54(b) and 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawaiʻi requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphases added).

> <u>For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint."</u> A statement that declares "there are no other outstanding claims" is not a judgment.

> If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court.  Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).  "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)."  Id. (some emphasis added).  The finding necessary for certification under HRCP Rule 54(b) is "an express determination that there is no just reason for delay . . . for the entry of judgment" as to one or more but fewer than all claims or parties.  HRCP Rule 54(b).

This is a multiple-claim case involving a six-count complaint, a counterclaim and a complaint-in-intervention.  Although the August 28, 2013 judgment appears to enter judgment on most of the claims, the August 28, 2013 judgment neither enters judgment on the Yoneji Appellants' six-count complaint as to Defendant-Appellee Charlene Yoneji nor contains an express finding of no just reason for delay in the entry of judgment as to one or more but less than all claims or parties pursuant to

HRCP Rule 54(b). Under the circumstances, the August 28, 2013 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On December 13, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0003566, at which time the record on appeal did not contain an appealable final judgment that resolved all claims in this case. Absent an appealable final judgment in this case, the Yoneji Appellants' appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-13-0003566.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0003566 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 10, 2014.


Chief Judge

Associate Judge

Associate Judge